## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 677 | **DATE** | February 25, 2008 |
| **CASE TITLE** | Brzozowski vs. Singh | | |

**DOCKET ENTRY TEXT**

Plaintiff's application [4] to proceed in forma pauperis is granted. Plaintiff's motion [5] for appointment of counsel is denied without prejudice.

■[ For further details see text below.]     Docketing to mail notices.

### ORDER

    Before the court is the petition of Plaintiff Stanley Brzozowski for leave to proceed *in forma pauperis* as well as a motion for appointment of counsel. Brzozowski wishes to pursue a suit against Officer Satjit Singh.

    Before granting a petitioner leave to file *in forma pauperis*, a district court must determine that the party is indigent. *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). According to his application, Brzozowski has been unemployed since January 2006 and receives a modest monthly pension. Brzozowski states that he owns a vehicle worth $2000 but has no savings or other assets. Based on the recitals of the application, we conclude that he is unable to pay the filing fee and grant the petition to proceed *in forma pauperis*. See 28 U.S.C. § 1915.

    As required under 28 U.S.C. § 1915(e)(2)(B), we have reviewed the complaint. There is no reason apparent from the face of the pleading to conclude that the action is frivolous or malicious, that it fails to state a claim on which relief may be granted, or that it seeks monetary relief against a defendant immune from such relief.

    Turning to Brzozowski's motion for appointment of counsel, we note that civil litigants have no constitutional or statutory right to be represented by counsel. *See Jackson v. County of MacLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, a district court can recruit counsel to represent a party pro bono in appropriate cases. *See* 28 U.S.C. § 1915(e)(1). Factors that a court considers in deciding whether to make such a request include whether the litigant has made reasonable attempts to retain counsel, whether the complaint appears to set forth meritorious claims for relief, the litigant's ability to litigate the facts and law implicated in the case, and whether the nature of the evidence is such that representation by counsel would more likely expose the truth. *See Pruitt v. Mote*, — F.3d —, —, 2007 WL 2850448, at *6-*9 (7th Cir. 2007) (en banc); *Jackson*, 953 F.2d at 1072.

**ORDER**

      Brzozowski has not supplied any information about efforts to retain counsel.  In addition, it does not appear at this time that he will be unable to investigate crucial facts, and nothing in the complaint gives us reason to expect that the underlying legal issues will be excessively complex.  There is no indication that the truth in this case will be more likely found if both sides are represented by counsel. Accordingly, we deny the request for appointment of counsel without prejudice.

**Dated:   February 25, 2008**

                                                      **CHARLES P. KOCORAS**
                                                      **U.S. District Court Judge**