IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BRZOZOWSKI, | ) | |
| | ) | |
| | ) | No. 08 C 677 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE KOCORAS |
| | ) | |
| SATJIT SINGH, | ) | Magistrate Judge ASHMAN |
| | ) | |
| Defendant. | ) | **Jury Demanded** |

## DEFENDANT'S MEMORANDUM OF LAW

## IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant Officer Singh should be granted Summary Judgment because (1) Plaintiff has failed Plaintiff has not claimed that the loss of his vehicle was pursuant to any unconstitutional City policy, and (2) Plaintiff has not shown how the state's post-deprivation remedy was inadequate.

Plaintiff Stanley Brzozowski, filed his original and amended complaint *pro se* in the federal district court for the loss of his 1991 GMC Jimmy truck. Plaintiff alleged that on June 6, 2006, his son Stanley Brzozowski Jr. ("Stanley Jr.") was the driver of his 1991 GMC truck. Exhibit A, Plaintiff's Amended Complaint. Stanley Jr. was pumping gas at a Shell gas station when Defendant Officer Satjit Singh questioned Stanley Jr. about Plaintiff and subsequently "confiscated [his] truck." Plaintiff stated that he never learned of the truck's whereabouts. Id. There is only one defendant, Chicago Police Officer Sanjit Singh. Defendant Officer Singh now moves for summary judgment on all due process allegations in Plaintiff's Complaint.

## STATEMENT OF FACTS

Officer Singh incorporates his statement of facts as set forth in their LR 56.1(a)(3) Statement of Undisputed Material Facts In Support of His Motion For Summary Judgment.

**STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the parties' affidavits, if any, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Jenkins v. Keating, 147 F.3d 577, 583 (7th Cir.1998); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. Jenkins, 147 F.3d at 583. To survive a motion for summary judgment, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. Celotex Corp., 477 U.S. at 324.

**ARGUMENT**

**I.    SUMMARY JUDGMENT MUST BE GRANTED IN DEFENDANT'S FAVOR**

Plaintiff does not claim that the loss of his vehicle was the result of any unconstitutional City policy or custom, but rather alleges that "they confiscated [his] truck." Officer Singh lawfully seized Plaintiff's truck pursuant to Chicago Municipal Code. Statement of Facts ¶¶ 6 and 8. These towing policies have repeatedly been held to be constitutional by this court, see Towers, 173 F.3d 619, 629, n.7 (7th Cir.); Gable v. City of Chicago, 296 F.3d 531, 533 (7th Circuit). There is no allegation and that the City has a policy or custom of wrongfully towing or destroying vehicles. Plaintiff's complaint involves only a single incident of alleged unconstitutional conduct.

Plaintiff has alleged no more than a possible random and unauthorized act causing the loss of his property. Where a deprivation of property occurs due to a random and unauthorized act, there is no due process violation if an adequate state law remedy is available. See Parratt v. Taylor, 451 U.S. 527, 541, 543-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

Of course, the City cannot predict when random and unauthorized acts will occur. Accordingly, post-deprivation remedies are all the process that is due in these circumstances because, as a practical matter, they are the only remedies the government can be expected to provide. See Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996) (citing Zinermon v. Burch, 494 U.S. 113, 128 (1990); Hudson v. Palmer, 468 U.S. 517, 534 (1984)). Therefore, an unauthorized deprivation of property by a City employee does not constitute a due process violation if a meaningful post-deprivation state remedy for the loss is available. See Zinermon, 494 U.S. 126, 127-28; Hudson, 468 U.S. at 533; Parratt, 451 U.S. at 539. Where state law remedies exist, a plaintiff must either avail himself to them or demonstrate that they are inadequate. Doherty, 75 F.3d at 323 (citing Daniels v. Williams, 474 U.S. 327, 339-40 (1986) (Stevens, J. concurring)).

Because Plaintiff has not alleged that there is no adequate state remedy, nor can he, there is no due process violation. In Parratt, the Court held that negligent deprivation of property caused by state employees' random and unauthorized conduct do not give rise to §1983 procedural due process claims unless the state does not provide a "meaningful post-deprivation remedy." 451 U.S. at 544. The Court later expanded the Parratt rule to include random and unauthorized "intentional conduct" of state employees. Hudson, 468 U.S. at 533; see also, Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (citing Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996) (citations omitted)). The burden is on the complainant to show that the state's post-deprivation remedy is not adequate. Myers, 97 F.3d at 94-95 (citing Hudson, 468 U.S. at 539, 104 S. Ct. at 3206-07 (O'Conner, J., concurring)). Here, the Plaintiff has not met his burden.

According to the vehicle's tow records, Plaintiff and/or his wife, the co-owner of the vehicle, failed to attend the City's Administrative Hearing regarding the disposition of the vehicle, and the

3

Administrative Judge entered a default judgment that Plaintiff never paid. See Statement of Facts ¶ 14.

If Plaintiff was not satisfied with the City's administrative process, he could have sued the City in state court under a bailment theory. See American Ambassador Casualty Co. v. City of Chicago, 563 N.E.2d 882 (Ill. App. Ct. 1990). In American Ambassador Casualty, the court specifically held that a bailment action was appropriate in circumstances very similar to the circumstances in this case–when "the police department lawfully acquired possession of the vehicle and held it under circumstances whereby it was obligated, under principles of justice, to keep it safely and restore it or deliver it to the owner." Id. at 885.

Beyond this remedy, Plaintiff could have had another action in replevin. See Ernst v. City of Chicago, 63 F.Supp.2d 908 (Ill.1999); 735 ILCS 5/19-101 to 19-128 (1998). Section 19-101 of the Illinois code of Civil Procedure, which governs actions in replevin, provides: "Whenever any goods or chattels have been wrongfully distrained or otherwise wrongfully taken or are wrongfully detained, an action in replevin may be brought for the recovery of such goods or chattels, by the owner or person entitled to their possession." Id. The statute further provides that if the property is not found and delivered, the owner may recover the value of the property wrongfully detained. See Id. 1/19-120. Under this statute, Plaintiff could have pursued a state action in replevin to recover the value of his vehicle.

Plaintiff has not pursued these state law remedies and claimed them as inadequate. His complete failure to advance a reason why these remedies might be inadequate is understandable because there is no reason. Any of these post-deprivation remedies would have enabled him to recoup the value of his property. Since Plaintiff has never availed himself to the state remedies or claimed that they are inadequate, he cannot establish that the loss of his property amounts to a due

4

process violation under <u>Parratt</u> and its progeny. For this reason, the district court should grant summary judgment in favor of the Officer Singh on all claims.

## **CONCLUSION**

As discussed above, Plaintiff has not claimed that Plaintiff's actions were pursuant to an unconstitutional municipal policy or that the state's post-deprivation remedies were inadequate. Therefore, Plaintiff cannot establish a due process claim against the Defendant and there are no other state claims that can be liberally construed from the facts. For this reason, Officer Singh respectfully request that this Court grant his Motion for Summary Judgment in its entirety, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Le'Ora Tyree*
Le'Ora Tyree
Assistant Corporation Counsel
Attorney of the Defendant

30 N. LaSalle Street
Suite 1400
Chicago, IL 60602
(312) 744-1056