UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY BRZOZOWSKI, )
)
        Plaintiff, )
)
vs. ) 08 C 677
)
SATJIT SINGH, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Satjit Singh for summary judgment on the complaint of Stanley Brzozowski. For the reasons set forth below, the motion is granted.

## BACKGROUND

On June 6, 2006, Brzozowski's son was driving a 1991 GMC Jimmy truck owned by Brzozowski.[1] Singh, a police officer for the City of Chicago, stopped the truck and observed a substance he thought to be heroin in the possession of Katherine Mazur, who

---

[1] The factual recitation contained herein is derived from Singh's Rule 56.1 statement of material fact. Brzozowski did not file a response to Singh's statement of facts that conforms with Local Rule 56.1(b)(3), so by operation of the rule all facts properly asserted and supported within the statement are deemed admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

was a passenger in the truck. Singh arrested Mazur, issued two traffic tickets to Brzozowski, and had the vehicle impounded in a City lot.

On June 8, 2006, Camy Brzozowski, Brzozowski's wife, requested an administrative hearing to contest the impoundment of the truck. The form she filled out listed Brzozowski as the owner of the truck and provided an address for him in Northlake, Illinois. The City mailed a notice to Brzozowski at that address informing him that the hearing would be held at 2 pm on July 6, 2006. The hearing took place on that day, but none of the Brzozowskis appeared. A default judgment was entered in the amount of $2,110, and notice of the outcome was mailed to Brzozowski at the same Northlake address. On August 23, 2006, the City disposed of the vehicle.[2]

In January 2008, Brzozowski filed suit against Singh, seeking return of his truck. Shortly thereafter, Singh filed the instant motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.

---

[2]The method of disposal is not clear; counsel for Singh represented in court that the truck had been destroyed, while the service request filed as Exhibit O to Singh's 56.1 statement of material facts refers to a "Contract Sale." However, there is no dispute that the City no longer has possession of the truck.

- 2 -

R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

With these principles in mind, we turn to Singh's motion.

## DISCUSSION

Initially, we note that Brzozowski is proceeding pro se. While his lack of formal legal training necessitates that we give his filings a liberal reading, we note that he is no stranger to the federal courts, having been a party to five suits in this district, including at least two other suits brought under § 1983. Brzozowski was informed, pursuant to Local Rule 56.2, of the procedures pertinent to a motion for summary judgment, and any noncompliance with them will carry the usual consequences despite

his pro se status. *See*, *e.g.*, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Brzozowski's complaint does not set out the specific cause of action he brings against Singh, but its contents are consistent with a claim brought under 42 U.S.C. § 1983. A plaintiff seeking relief under that statute must allege that a person or persons acting under color of state law deprived him or her of a right secured by federal law or the federal Constitution. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Though the factual situations underlying § 1983 claims are varied, at bottom they are all tort actions, requiring a showing of a duty owed to the plaintiff that was breached, thereby causing actual damage. *Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985) (prison disciplinary procedures); *Lossman v. Pekarske*, 707 F.2d 288, 291 (7th Cir. 1983) (child custody rights).

Furthermore, Brzozowski does not set forth particularized theories of recovery in his complaint or supporting papers. However, he appears to seek relief under two separate theories: one relying on the Fourth Amendment protection against unreasonable seizure and the other looking to the Fourteenth Amendment's guarantee that a municipality cannot deprive a citizen of property without due process of law. We examine each contention in turn.

A state actor who unreasonably seizes property in violation of the Fourth Amendment can be found liable to the property owner for damages under 42 U.S.C. § 1983. *See*, *e.g.*, *Soldal v. Cook County*, 506 U.S. 56, 70, 113 S. Ct. 538, 548 (1992); *Siebert v. Severino*, 256 F.3d 648, 656-59 (7th Cir. 2001). However, seizures that are founded on probable cause are reasonable and do not lead to liability. *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003). Singh has asserted, via affidavit, that Mazur had a folded piece of tin foil that fell from her lap to her purse and that he believed that the foil contained heroin. This is sufficient to establish probable cause that the truck contained unlawful drugs, thereby making its seizure reasonable under the Fourth Amendment and mandating that Singh have it towed to a City facility under the Section 7-24-225(b) of the Chicago Municipal Code. *See Towers v. City of Chicago*, 173 F.3d 619, 621 (7th Cir. 1999) (noting that when an illegal item is found in a motor vehicle, officer "must seize the car and have it towed to an impoundment facility").

Brzozowski's submission includes an "affidavit" that attempts to counter this assertion, but it does not present admissible evidence and therefore cannot be considered. *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007). An affidavit offered in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

Brzozowski's document, to the extent that it makes factual assertions, is based primarily upon things outside his personal knowledge, most of which he says were told to him by his son. Any such information would be inadmissible hearsay and cannot therefore be used in opposition to the motion for summary judgment. Consequently, Singh is entitled to judgment as a matter of law on a § 1983 claim predicated on a violation of the Fourth Amendment.

With regard to the disposal of the truck, we begin by noting that Brzozowski names only Singh as a defendant. The evidence provided indicates that Singh's participation in the case ceased after he appeared at the hearing that resulted in the default judgment against Brzozowski, which took place more than a month prior to the disposal of the truck, and there is no allegation that he was involved in the process of involving Brzozowski about the scheduled hearing or reporting its outcome to him. In other words, Brzozowski does not allege that Singh was personally involved in the action upon which he bases his § 1983 claim, namely that his truck was disposed of rather than returned to him. Personal involvement in an alleged deprivation is a central component of any viable § 1983 claim against a state actor sued in his or her individual capacity. *Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). As that component is absent from any claim against Singh for the ultimate disposal of the truck, he is entitled to summary judgment on that portion of the complaint against him.

Even if Singh had been personally involved, a Fourteenth Amendment procedural due process claim fails on its merits in this case. Not every deprivation of property by a state actor is unconstitutional. *See Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007). Rather, the protections of the 14th Amendment are triggered in this regard only if the deprivation is effected without due process of law. *Id.* Due process in this context means notice and an opportunity to be heard before the deprivation of property takes place. *Id.*

Brzozowski appears to contend that the notice requirement was not satisfied because he did not receive the document the City mailed to his Northlake address on June 13, 2006, to inform him of the date and time of the July hearing or the administrative document mailed to the same address on July 7 to inform him of the outcome of the hearing. This argument is a nonstarter; receipt of notice is not necessarily required to establish that a governmental entity provided due process of law before depriving a person of property. *Dusenbery v United States*, 122 U.S. 161, 170, 122 S. Ct. 694, 701 (2002). Rather, the entity must use a means that "one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 315, 70 S. Ct. 652, 657 (1950). Notice is "constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent." *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 1714

(2006). If there is no indication that a targeted method of notification has failed, the notice component of due process is satisfied even if the notice is not actually received by the intended recipient. *Id.*

Even assuming that Brzozowski did not receive either mailing, the two documents at issue were mailed to the address Mrs. Brzozowski entered on the request for hearing less than a week before the City mailed the first of the two notices. Sending the notice to this freshly provided address is a reasonable method of effectuating notice. Anyone seeking to contact a person via the mails would be justified in thinking that a letter sent to a recently provided address would be delivered to the intended recipient. There is no indication that either notice was returned or that the City was otherwise made aware that Brzozowski had not received the notices. Neither is there a contention that the hearing was not actually held or that Brzozowski would not have been able to present his position if he had been in attendance. In short, Brzozowski has not established that he was not provided with constitutionally sufficient notice and an opportunity to be heard before he was deprived of his property. Consequently, he has no viable procedural due process claim, and Singh is entitled to judgment as a matter of law on the entirety of the complaint.

## CONCLUSION

Based on the foregoing, Singh's motion for summary judgment [22] is granted.

All other pending motions [25][26] are denied as moot.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:    November 12, 2008